IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JERRY ALLISON : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Case No. 1:16-CV-874-EGS |
| : | |
| : | |
| WASHINGTON METROPOLITAN : | |
| AREA TRANSIT AUTHORITY : | |
| : | |
| **Defendant.** : | |
| _____ : | |

### JOINT MEET AND CONFER STATEMENT

Pursuant to Fed. R. Civ. P. 26(f) and LCvR 16.3(c) and the Court's April 15, 2015 Minute Order, the Parties report the following:

**A. Statement of the Case**

    **1.  Plaintiff's Statement:**

Defendant Washington Metropolitan Area Transit Authority ("WMATA") formerly employed Plaintiff Jerry Allison, an African-American man, as a Storeroom Supervisor for approximately four years, from January 2012 until June 14, 2016.

On November 12, 2014, Plaintiff learned that he had not been selected for a Manager position he applied for on June 8, 2016. Plaintiff was highly qualified for this Manager position. He had intermittently served as the Acting Manager since he was hired in January 2012 and had been serving as the full-time Acting Manager since May 2014. The hiring manager, an African-American man, told Plaintiff that he had been selected. Before Plaintiff could be formally hired, however, the hiring manager retired and was replaced with a Caucasian woman, Tara Wasiak. Ms. Wasiak reopened the selection process to avoid hiring Plaintiff and selected a less-qualified

Caucasian male, Timothy St. John. Mr. St. John became Plaintiff's immediate supervisor.

Plaintiff filed a charge of race discrimination with the EEOC. Shortly thereafter, Mr. St. John began routinely assigning Plaintiff undesirable work assignments, additional work outside of Plaintiff's job description or area of supervision; and subjected Plaintiff to unfair heightened scrutiny. After issuing two inaccurate performance evaluations to Plaintiff, Mr. St. John placed Plaintiff on an unreasonable Performance Improvement Plan ("PIP").

On June 7, 2016, Mr. St. John informed Plaintiff that his performance on the PIP was unsuccessful. One week later, Mr. St. John and Ms. Wasiak terminated Plaintiff's employment, in continued retaliation for Plaintiff's EEOC charge of race discrimination.

    **2.** **Defendant's Statement:**

WMATA denies all of the allegations of the Plaintiff. WMATA counters that Plaintiff was not the most qualified candidate for the position he wished to obtain. In addition, WMATA counters that Plaintiff's termination was for a legitimate, non-discriminatory reason, namely, that the Plaintiff failed to perform up to the standards and performance goals established by his supervisors.

**B. Joint Proposed Scheduling Plan**

    **1. Disposition of the Case by Dispositive Motions:** There are no dispositive motions pending. WMATA anticipates filing a dispositive motion at the conclusion of discovery. Plaintiff does not anticipate filing a dispositive motion. The Parties propose the dispositive motions schedule set forth in paragraph 6 below.

    **2. Joinder and Amendment to Pleadings:** The Parties do not anticipate the need for additional parties. The Parties recommend that any motion to amend the pleadings, if any, should be filed within twenty-one (21) days after the Initial Scheduling Conference. The Parties agree to

revisit potential ways to limit the factual and/or legal issues in this case after completion of discovery.

      3. **Magistrate:**  The Parties **do not** consent to a magistrate judge in any matter in this case.

      4. **Settlement/Alternate Dispute Resolution:** The Parties believe it is too early to determine whether there is a realistic possibility of settlement.  After engaging in some discovery, Plaintiff intends to send Defendant a settlement demand.  Plaintiff is not opposed to ADR.  The Parties agree to work together in good faith, if and when settlement discussions arise.

      5. **Initial Disclosures:**  As the Parties will shortly commence discovery, they agree to waive the initial disclosures otherwise required under Rule 26(a)(1), Federal Rules of Civil Procedure.

      6. **Dispositive Motions:**  The Parties recommend that any dispositive or partially dispositive motion be filed within 60 days following the close of discovery; that any opposition to a dispositive motion be filed within 30 days after service thereof; and that any reply to an opposition be filed within 15 days following service thereof. For purposes of all pleadings, including dispositive motions, Fed. R. Civ. P. 6(d) shall apply.

      7. **Discovery:** The Parties recommend a discovery deadline of December 15, 2016. Discovery should be governed by Rule 26 and the local rules of this Court. WMATA recommends that written notice of any Rule 30(b)(6) deposition be served on WMATA 30 days before the scheduled date of such deposition. This is to allow time for WMATA to either designate the correct person(s) responsive to the Plaintiff's request or note any objections.

      8. **Expert Witnesses:** The Parties agree that the Plaintiff shall deliver any expert report consistent with the requirements of Rule 26(a)(2)(B) to Defendant by September 15, 2016 and

the Defendant will deliver any expert report consistent with the requirements of Rule 26(a)(2)(B) to Plaintiff by October 15, 2016.

    9. **Class Action:** This matter is not a class action.

    10. **Bifurcation:**  The Parties agree that bifurcation is not necessary.

    11. **Pretrial Conference:**  The Parties recommend that the pretrial conference be scheduled following the Court's rulings on any outstanding dispositive motions.

    12. **Trial Date:** The Parties agree that the Court should schedule a trial date at the pretrial conference.

    13. **Electronically Stored Information:**  Rule 26(b)(2)(B) shall govern the limitations on discovery of electronically stored information.

    14. **Matters Appropriate for Inclusion in Scheduling Order:** None at this time.

Respectfully submitted,

_____/s/_____       _____/s_____
Rani Rolston #974042       Michael K. Guss #465171
August T. Johannsen (*admitted pro hac vice*)       Associate General Counsel
Alan Lescht & Associates, P.C.       WMATA- Office of General Counsel
1050 17th Street, NW, Suite 400       600 Fifth Street, N.W.
Washington, D.C. 20036       Washington, D.C. 20001
Tel. (202) 463-6036       Tel. (202) 962-1468
Fax (202) 463-6067       Fax (202) 962-2550
rani.rolston@leschtlaw.com       mkguss@wmata.com
august.johannsen@leschtlaw.com